873 P.2d 877

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronnie HUNNEL, Defendant–Appellant.**

No. 20236.

Supreme Court of Idaho,
Boise, February 1994 Term.

May 2, 1994.

Gregory A. Jones, Kootenai County Public Defender and Joel K. Ryan, Kootenai County Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., and Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McDEVITT, Chief Justice.

## BACKGROUND

Appellant, Ronnie Hunnel ("Hunnel"), was charged with the misdemeanor offense of driving under the influence ("DUI") in violation of I.C. § 18–8004. The magistrate court advised Hunnel of the nature of the charge against him and of his relevant constitutional rights. Hunnel waived those rights, including the right to counsel, and entered a plea of guilty to the DUI charge. The magistrate court entered a judgment of conviction against Hunnel based on the guilty plea, after having questioned Hunnel concerning his understanding of the charge and his rights, Hunnel's refusal of an attorney or public defender, and the consequences of an uncounseled guilty plea, including the waiver of all rights and the possible penalties. It was Hunnel's second DUI offense in Idaho within five years. The magistrate court sentenced Hunnel to six months in jail, ninety days suspended, conditioned upon Hunnel committing no further crimes and completing an intensive outpatient treatment program, as well as attending two Alcoholics Anonymous ("AA") meetings per week, and paying a $1,000 fine, $500 suspended. Hunnel appealed the judgment of conviction and sentence to the district court, which upheld the magistrate court. Hunnel now appeals to this Court.

This Court addresses the following issues on appeal:

I. Whether Hunnel's waiver of his constitutional right to counsel was knowing and voluntary.

II. Whether the sentence imposed by the magistrate court was excessive.

## ANALYSIS

### I

### HUNNEL KNOWINGLY AND VOLUNTARILY WAIVED HIS CONSTITUTIONAL RIGHT TO COUNSEL

■ Hunnel asserts that his original waiver of counsel was not knowing and voluntary.

Specifically, Hunnel argues that he was aware of neither the nature of the charge and its potential penalties nor the hazards of self-representation, and that the magistrate court failed to inquire of Hunnel the reasons he wished not to have counsel. We hold that Hunnel's waiver of his right to counsel was valid under Idaho law, and, accordingly, affirm the magistrate court.

■ At the outset we reject the State's argument that we should decline to review the issue at hand because it was not raised in the trial court. An issue not raised in the trial court will not be addressed on appeal unless it concerns a fundamental error. *State v. Lavy,* 121 Idaho 842, 845, 828 P.2d 871, 874 (1992), *rev'd on other grounds, Lankford v. Idaho,* 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991). Fundamental error is error "which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process." *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Hunnel's claimed error concerning the voluntariness of the waiver of his right to counsel qualifies as fundamental under this standard.

■ The standard to be applied in determining whether there has been a valid waiver of the right to counsel is whether there has been a "knowing and intelligent relinquishment or abandonment of a known right or privilege" and such determination rests on the facts of each individual case. *State v. Ruth,* 102 Idaho 638, 642, 637 P.2d 415, 419 (1981) (citations omitted). The State carries the burden of showing a voluntary waiver of Sixth Amendment rights. *State v. Mesenbrink,* 115 Idaho 850, 851, 771 P.2d 514, 515 (1989) (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). In Idaho, *Boykin* has been interpreted to require that the court record affirmatively show that the waiver was understood and was voluntary. *Id.*

In this case, the court record affirmatively shows that Hunnel's waiver of his right to counsel was knowing and voluntary. Rule 6

of the Misdemeanor Criminal Rules sets forth the requirements for advising a defendant of the right to counsel in misdemeanor cases and reserves a defendant's right to counsel where his crime could merit the penalty of imprisonment. The court shall appoint such counsel unless the defendant voluntarily waives the right. In this case, Hunnel's DUI conviction merited potential imprisonment so he had a right to counsel under M.C.R. 6(c). The magistrate court clearly complied with the requirements of M.C.R. 6(c) prior to accepting Hunnel's guilty plea. The magistrate court determined that Hunnel understood all his rights set out in a form signed by Hunnel. The form addressed Hunnel's right to counsel. The magistrate court also discussed Hunnel's waiver at the plea hearing:

> The Court: Do you understand the charge against you?
>
> Mr. Hunnel: Yes, sir.
>
> The Court: You have before you a form which outlines the maximum/minimum penalties as well as your rights again. If you'd sign that and if you'd date it please. Did you understand everything on there?
>
> Mr. Hunnel: Yes, sir.
>
> The Court: Do you wish additional time with which to hire an attorney to represent you?
>
> Mr. Hunnel: No, sir.
>
> The Court: Do you wish for me to consider appointment of the Public Defender to represent you?
>
> Mr. Hunnel: No, sir.
>
> The Court: Do you wish to enter a plea here today?
>
> Mr. Hunnel: Yes, sir.
>
> The Court: How do you plead to the charge of driving under the influence?
>
> Mr. Hunnel: Uh, guilty, I guess, with an explanation.
>
> The Court: Do you understand that if you plead guilty you'll be admitting that on the sixth of March you were driving a motor vehicle here in Kootenai County while under the influence of alcohol?
>
> Mr. Hunnel: Yes, sir.
>
> The Court: Do you also understand that if you plead guilty you'll be waiving all the

rights given you on the video tape and on this form?

> Mr. Hunnel: Yes, sir.
>
> The Court: You also understand if you plead guilty the Court could sentence you to six months in the County Jail, pay a fine of $1,000, suspend your driving privileges for 180 days?
>
> Mr. Hunnel: Yes, sir.
>
> The Court: I'll accept the guilty plea as freely and voluntarily made based upon a factual basis.

▆ Hunnel's contention that the magistrate court should have discussed with him the hazards of self-representation and his reasons for denying counsel is meritless. In Idaho, a court need not follow any prescribed litany to determine whether a waiver is valid as long as the record as a whole and inferences drawn therefrom show the waiver is voluntary and knowing. *See State v. Carrasco*, 117 Idaho 295, 300, 787 P.2d 281, 296 (1990). In this case, the record clearly makes such a showing, and, therefore, we affirm the order of conviction.

## II.

## THE MAGISTRATE COURT DID NOT ABUSE ITS DISCRETION IN SENTENCING HUNNEL

Hunnel also asserts that, even though I.C. § 18–8005 provides for a maximum sentence of one year incarceration for a second driving under the influence offense, the magistrate court nonetheless abused its discretion in sentencing Hunnel to ninety days in jail. Specifically, Hunnel argues that the sentence was unreasonable in the context of the primary objectives of punishment, including protecting society, deterrence, rehabilitation, and retribution.

▆ Sentencing is within the discretion of the trial court and will not be disturbed unless it appears that the sentence is an abuse of discretion. *State v. Hooper*, 119 Idaho 606, 608, 809 P.2d 467, 469 (1991); *State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). The standard of review for determining whether the trial court's sen-

tence was an abuse of discretion is whether it is unreasonable in light of the goals of sentencing. *State v. Araiza*, 124 Idaho 82, 95, 856 P.2d 872, 885 (1993); *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds, State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). In other words, the reviewing court must consider whether the sentence comports with the four objectives of criminal punishment: protection of society, deterrence of the individual and public generally, possibility of rehabilitation, and punishment or retribution for wrongdoing. *State v. Martinez*, 111 Idaho 281, 284, 723 P.2d 825, 828 (1986). As a matter of policy in Idaho, the primary consideration is the good order and protection of society. All other factors must be subservient to that end. *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956).

Where an excessive sentence is alleged, this Court must make an independent review of the record to determine reasonableness, giving proper regard for the nature of the offense, the character of the offender and the protection of the public interest. *Hooper*, 119 Idaho at 608–09, 809 P.2d at 469–70. In reviewing a sentencing judge's view of the relevant facts, this Court will not substitute its own view of the facts where reasonable minds might differ. *Araiza*, 124 Idaho at 95, 856 P.2d at 885.

Absent a showing of clear abuse of discretion, a sentence within statutory limits will not be disturbed on appeal. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989); *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982); *Cotton*, 100 Idaho at 577, 602 P.2d at 75. In this case, the sentence imposed by the trial court is within the statutory limit prescribed in I.C. § 18–8005. Moreover, the trial court did not abuse its discretion in imposing a six month sentence of incarceration, ninety days suspended. The sentence is reasonable in light of the facts of the case. Hunnel had a .14 blood alcohol concentration following his arrest for the DUI. Hunnel also had one prior DUI conviction. A sentence of ninety days in jail for a second DUI offense furthers the sentencing goals of protection of society, deterrence, and retribution. Further, the sentence advanced the goal of rehabilitation because it conditioned the suspension of ninety days' jail time upon Hunnel's completion of outpatient treatment for alcoholism.

BISTLINE, JOHNSON, TROUT and SILAK, JJ., concur.