19 P.3d 64

STATE of Idaho, Plaintiff–Respondent,

v.

Tyrel McKNIGHT, Defendant–Appellant.

No. 24946.

Court of Appeals of Idaho.

Oct. 27, 2000.

Review Denied March 13, 2001.

Greg S. Silvey, Boise, for appellant.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

This is a sentence review. On December 12, 1997, Tyrel McKnight was charged with murder in the first degree and use of a deadly weapon during the commission of the

crime. I.C. §§ 18–4003(a), 19–2520. Pursuant to a binding I.C.R. 11 plea agreement, McKnight pled guilty, and the state agreed not to seek the death penalty. The plea agreement provided that the district court would have full discretion in determining the length of the sentence imposed. The district court accepted the plea agreement and sentenced McKnight to a fixed term of life imprisonment with no possibility of parole. On appeal, McKnight argues that the sentence is excessive.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). "[A] fixed life sentence may be deemed reasonable if the offense is so egregious that it demands an exceptionally severe measure of retribution and deterrence, or if the offender so utterly lacks rehabilitative potential that imprisonment until death is the only feasible means of protecting society." *State v. Eubank*, 114 Idaho 635, 638, 759 P.2d 926, 929 (Ct.App.1988).

The record in this case reveals a brutal, senseless murder committed to further the buying and selling of drugs. On December 5, 1997, McKnight, Randy Scott Williams, and Damon Knosp were riding around in a vehicle in an effort to buy methamphetamine. Believing that Knosp was a confidential informant for the police, McKnight and Williams stopped the vehicle and forced Knosp to remove his clothing to see if he was wearing a "wire." An altercation ensued in which Knosp retrieved a golf club from the vehicle and began swinging it at McKnight. McKnight took the golf club from Knosp and repeatedly struck him in the body and head. The beating caused severe bodily injury and profuse bleeding. After the golf club broke, Williams obtained a second golf club from the vehicle, exclaimed "Fore," and continued to beat Knosp. As Knosp pled for his life, he was asked if he liked choking on his own blood and was forced to admit that he was a confidential informant for law enforcement. Williams then drove the vehicle over Knosp no less than five times. McKnight admitted that he wanted Knosp dead and that he let Williams run over Knosp with the vehicle. McKnight and Williams left Knosp, badly beaten, but still breathing, in a nearby field. They then decided to dump the vehicle in a reservoir. Before doing so, they discarded McKnight's bloody coat and removed the stereo amplifier from the vehicle. After returning home, McKnight boasted that he had "taken care of that long-haired narc" and that "there was one less narc in town." Two days later, a hunter found the victim's lifeless body.

On appeal, McKnight argues that the district court failed to adequately consider his young age, his potential for rehabilitation, and his minimal criminal record. The presentence investigation report (PSI) reveals that McKnight was eighteen years old at the time of the offense. The PSI further reveals that McKnight had one juvenile disposition for petit theft and misdemeanor convictions for battery, possession of alcohol by a minor, and failing to purchase a driver's license. At the time of the offense in the instant case, McKnight was wanted on an outstanding warrant in Utah for felony burglary.

At the time of sentencing, the district court was aware of the information contained in the PSI and specifically noted McKnight's young age and his failure to take

full responsibility for his crimes. In addition, the district court emphasized the seriousness of the crime:

> [T]his killing was committed with utter, total disregard for Mr. Knosp ... every blow that was struck against his body there was pain.... I can't imagine somebody being put through this and be alive when you left.... You exhibited exceptional depravity by killing him. You exhibited utter disregard for human life which is the act of a cold-blooded pitiless slayer. It is the worst crime that can be committed in our society. He had every right to live as you do.... I am convinced in my own mind anyway, that you were in a rage and I don't think you stopped like you say you did ... Only you know, but the fact remains ... that the blows to the head or the running over with the vehicle, either one of these, were sufficient to have killed Damon. Tyrel, as I said earlier, you are a young man, you are articulate and this whole thing is so senseless. Your life is over now.... You forfeited that right by this heinous atrocious act that you committed on another human being....

Based upon its findings, the district court concluded that punishment, deterrence, and the protection of society greatly outweighed any consideration of rehabilitation. The gravity of the offense in the instant case was sufficiently egregious to justify the district court's conclusion. It is well established that the primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson*, 124 Idaho 179, 857 P.2d 658 (Ct.App.1993).

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Having thoroughly reviewed the record in this case, we cannot say that the district court abused its

discretion in imposing a fixed life sentence for first degree murder. Therefore, McKnight's judgment of conviction and sentence are affirmed.

Judge LANSING, and Judge SCHWARTZMAN concur.