93 P.3d 704

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roberto CUEVAS–HERNANDEZ, Defendant–Appellant.**

No. 29369.

Court of Appeals of Idaho.

Jan. 28, 2004.

Rehearing Denied July 12, 2004.

Molly J. Huskey, State Appellate Public Defender; Julie Dawn Reading, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Roberto Cuevas–Hernandez appeals from the judgments of conviction entered by the district court after a jury found him guilty of trafficking in methamphetamine by delivery and trafficking in cocaine by delivery. We affirm.

## I.

### FACTS AND PROCEDURE

On April 9, 2002, a confidential informant (CI) arranged a controlled drug purchase. The CI and an undercover officer drove a truck to a mall parking lot and awaited the arrival of the drug dealer. At the designated time, two vehicles arrived. One was driv-

en by the drug dealer, and the other vehicle, a red car, contained two occupants. Both vehicles parked next to the truck. The CI exited the truck, and the two occupants of the red car, including Cuevas–Hernandez, met and spoke with the CI in the parking lot. The CI and the drug dealer entered the truck while Cuevas–Hernandez and the other individual returned to the red car. The drug dealer left a foil package containing cocaine and methamphetamine *on the floor of the* truck. The drug dealer, Cuevas–Hernandez, and the other individual were arrested. Officers executed a search warrant for Cuevas–Hernandez's home and garage and discovered bags of cocaine and methamphetamine. Cuevas–Hernandez was charged with trafficking in cocaine by possession, I.C. § 37–2732B(a)(2); trafficking in methamphetamine by possession, I.C. § 37–2732B(a)(4); trafficking in cocaine by delivery, I.C § 37–2732B(a)(2); and trafficking in methamphetamine by delivery, I.C § 37–2732B(a)(4). A jury found Cuevas–Hernandez guilty of all charges. The district court imposed consecutive sentences amounting to an aggregate sixty-year term of imprisonment, with sixteen years fixed. Cuevas–Hernandez's subsequent I.C.R. 35 motion for reduction of his sentences was denied.

On appeal, Cuevas–Hernandez claims that the district court incorrectly instructed the jury with respect to the trafficking in cocaine and methamphetamine by delivery charges.[1] Cuevas–Hernandez argues that, under the correct definition of deliver, the evidence was insufficient to support the jury's verdicts.

## II.

## ANALYSIS

In this case, Cuevas–Hernandez was charged with trafficking in cocaine and methamphetamine, by delivery, under the Uniform Controlled Substances Act. I.C. §§ 37–2732B(a)(2), 37–2732B(a)(4), 37–2751. The jury was instructed that "the term 'deliver' means the transfer or attempted transfer, either directly or indirectly, from one person to another." The state did not

present evidence showing that Cuevas–Hernandez actually or directly delivered the controlled substances. On appeal, Cuevas–Hernandez argues that the definition of deliver given by the district court was incorrect. He contends that the jury should have been given the definition of deliver as contained in the Uniform Controlled Substances Act, which states that deliver means "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship." I.C. § 37–2701(g). Cuevas–Hernandez asserts that an indirect transfer does not equate to a constructive transfer and that the district court's instruction lessened the state's burden of proof. The state contends that the words "indirect" transfer and "constructive" transfer are synonymous and that there was no error in the instruction given by the district court. This is a case of first impression in Idaho.

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993). Although Cuevas–Hernandez did not object to the instruction regarding the definition of deliver, the failure to object to an instruction at trial in a criminal case does not constitute a waiver of any objection to the instruction on appeal. *See State v. Smith*, 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990); *State v. Rivas*, 129 Idaho 20, 23, 921 P.2d 197, 200 (Ct.App.1996).

The instruction given by the district court in this case was a verbatim statement of the definition of deliver found in Idaho Criminal Jury Instruction (ICJI) 428. However, Cuevas–Hernandez argues that ICJI 428 is inconsistent with the definition of deliver used in other jurisdictions that have adopted the Uniform Controlled Substances Act. *See* I.C. § 37–2750 (Uniform Controlled Substances Act shall be construed to make uniform the

---

1. On appeal, Cuevas–Hernandez does not challenge his judgments of conviction for trafficking in cocaine by possession and trafficking in methamphetamine by possession.

law among states which enact it). He contends that the district court should have instructed the jury using the definition of deliver in I.C. § 37–2701(g) and further defined constructive transfer as requiring that Cuevas–Hernandez exercised ownership and control over the substances and directed their sale.

The pattern Idaho Criminal Jury Instructions are presumptively correct. *See State v. Halbesleben,* 139 Idaho 165, 170 n. 1, 75 P.3d 219, 224 n. 1 (Ct.App.2003). The Idaho Supreme Court approved the pattern jury instructions and has recommended that the trial courts use the instructions unless a different instruction would more adequately, accurately, or clearly state the law. *See State v. Miller,* 130 Idaho 550, 552, 944 P.2d 147, 149 (Ct.App.1997). We conclude that ICJI 428, used by the district court in this case, fairly and accurately stated the applicable law because the term indirect transfer is synonymous with the constructive transfer language contained in I.C. § 37–2701(g). Therefore, without further review by the Supreme Court, we decline to hold that the pattern instruction given lowered the state's burden of proof and constituted reversible error.

Cuevas–Hernandez also claims that the evidence was insufficient to establish the elements of the crime under the definition of deliver in I.C. § 37–2701(g). Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

The evidence in this case was sufficient to demonstrate that Cuevas–Hernandez indirectly and constructively transferred cocaine and methamphetamine in violation of I.C. §§ 37–2732B(a)(2) and 37–2732B(a)(4). Prior to his involvement at the drug sale on April 9, Cuevas–Hernandez had been present at and participated in a drug deal on April 3. On that occasion, the CI had arranged a drug purchase with the same dealer with whom he had negotiated the April 9 drug transaction. When the CI and undercover officer met the drug dealer on April 3, the drug dealer left to retrieve the drugs from another location and returned an hour later with the drugs and two other individuals, including Cuevas–Hernandez. The person accompanying the drug dealer and Cuevas–Hernandez delivered the drugs and took the purchase money. He gave the money to the drug dealer, who then gave it to Cuevas–Hernandez. Cuevas–Hernandez counted the money, confirmed that it was the correct amount, and gave some of the money to both the drug dealer and the other individual.

As previously noted, Cuevas–Hernandez was also present at the April 9 drug purchase. Once again, he was present with the same individuals who were at the April 3 drug deal. On that occasion, Cuevas–Hernandez exited his vehicle and spoke with the CI. After the drugs were delivered and arrests were made, officers obtained a warrant and searched Cuevas–Hernandez's home and garage. In the garage, officers discovered bags of cocaine and methamphetamine. Prior to the drug transactions on both April 9 and April 3, the three men had met at Cuevas–Hernandez home. Additionally, the drug dealer had asked for a bag located in Cuevas–Hernandez's garage. This evidence supports an inference that Cuevas–Hernandez supplied the drugs and thereby indirectly and constructively transferred the drugs to the CI and undercover officer in violation of the law. Cuevas–Hernandez has failed to demonstrate that the evidence was insufficient to establish the elements of trafficking

in cocaine by delivery and trafficking in methamphetamine by delivery.

### III.

### CONCLUSION

Cuevas–Hernandez has failed to demonstrate that the district court's jury instruction on the definition of deliver was given in error. He has not shown that the evidence was insufficient to support the jury verdicts for trafficking in cocaine by delivery and trafficking in methamphetamine by delivery. Cuevas–Hernandez's judgments of conviction are affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.