129 P.3d 1261

STATE of Idaho, Plaintiff–Respondent,

v.

Michael L. HOPPER, Defendant–Appellant.

No. 31140.

Court of Appeals of Idaho.

Dec. 21, 2005.

Review Denied March 7, 2006.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Carol L. Chaffee, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Michael L. Hopper appeals from his judgment of conviction for possession of a controlled substance. We affirm.

An officer observed Hopper driving his vehicle, knew that Hopper's driver's license was suspended, and initiated a traffic stop. The officer requested that Hopper exit his vehicle and instructed Hopper's passenger to remain seated. The officer placed Hopper under arrest for driving without privileges.

A backup officer arrived, and the two officers placed Hopper into the backup officer's patrol vehicle. The officer searched Hopper's vehicle incident to his arrest and discovered a tube containing five baggies of methamphetamine in the pocket of the driver's side door. Hopper was charged with possession of a controlled substance. I.C. § 37–2732(c).

Hopper asserted that the tube did not belong to him and that his passenger must have put it in the door pocket while the officers were not looking. Hopper contended that the officers were unable to carefully observe the passenger while they were arresting Hopper and placing him into the backup officer's vehicle. The officers testified that they were able to observe the passenger during the encounter and, if she had reached towards the driver's door, the officers would have noticed the movement. A jury found Hopper guilty. Hopper appeals, arguing that the jury instructions reduced the prosecutor's burden of proof and violated his right to due process of law.

The jury was instructed to find Hopper guilty if the state proved that Hopper possessed methamphetamine and he "knew or thought" it was methamphetamine. Hopper contends that this instruction was in error because the state was required to prove "knowledge" that the substance was methamphetamine, rather than "belief." [1]

■ The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993). Reversible error will be found if the court uses an instruction that misstates the law or misleads the jury. *State v. Williams*,

141 Idaho 826, 827, 118 P.3d 158, 159 (Ct. App.2005); *State v. Dudley*, 137 Idaho 888, 890, 55 P.3d 881, 883 (Ct.App.2002).

■ Possession of a controlled substance is an offense requiring general intent, which is satisfied when the defendant knowingly performs the proscribed acts. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). Thus, such an offense requires knowledge that the person is in possession of the substance, whether it be marijuana, cocaine or another controlled substance. *State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999). In *Blake*, the jury was allowed to find the defendant guilty if he should have known that the substance possessed was a controlled substance. *Id.* at 241, 985 P.2d at 121. The instruction failed to accurately represent the law because it allowed the jury to find the defendant guilty if he knowingly possessed a substance but, negligently, believed the substance to be a harmless item such as sugar. *Id.* at 242, 985 P.2d at 122.

A "knowing" act is one that is deliberate and conscious. BLACK'S LAW DICTIONARY 888 (8th ed.2004). "Knowledge" refers to a state of mind in which a person has no substantial doubt about the existence of a fact. *Id.* Similarly, a "belief" is a state of mind that regards the existence of something as likely or relatively certain. BLACK'S LAW DICTIONARY 164 (8th ed.2004). Both knowledge and belief refer to a state of mind in which a person is conscious of a fact or circumstance. Accordingly, regardless of whether Hopper knew or believed that he possessed methamphetamine, such possession was the result of a deliberate and conscious act. Thus, the jury instruction separated innocent from criminal conduct.

■ Further, Idaho Criminal Jury Instruction (ICJI) 403 [2] currently indicates that, in order for a defendant to be guilty of possession of a controlled substance, the state must prove the defendant possessed the

---

1. Hopper did not object to this jury instruction at trial. Prior to July 2004, the failure to object to an instruction at trial in a criminal case did not constitute a waiver of any objection to the instruction on appeal. *See State v. Cuevas–Hernandez*, 140 Idaho 373, 375, 93 P.3d 704, 706 (Ct. App.2004). Effective July 1, 2004, Idaho Criminal Rule 30(b) provides that "no party may assign as error the giving of or failure to give an instruction unless the party objects thereto be-

fore the jury retires to consider its verdict." Because Hopper's trial occurred in April 2004, we address his assignment of error despite the absence of an objection.

2. In July 2005, the Idaho Supreme Court revised ICJI 403 and approved it for general use. Hopper's trial was held in April 2004.

substance and "the defendant either knew it was [name of substance] or believed it was a controlled substance." The pattern Idaho Criminal Jury Instructions are presumptively correct. *State v. Cuevas–Hernandez,* 140 Idaho 373, 376, 93 P.3d 704, 707 (Ct.App. 2004). The Idaho Supreme Court approved the pattern jury instructions and has recommended that the trial courts use the instructions unless a different instruction would more adequately, accurately, or clearly state the law. *Id.* Thus, the Idaho Supreme Court recommends that trial courts use a jury instruction which indicates that a defendant's belief he or she possessed a controlled substance is sufficient to establish the requisite criminal intent.

Hopper nevertheless urges that allowing the jury to find him guilty if he "thought" the substance he possessed was methamphetamine lowered the state's burden to prove that Hopper knowingly possessed methamphetamine. We disagree. The jury was instructed that a person has possession of something when he or she knows of its presence and has physical control of it or has the power and intention to control it. To think refers to the formation of a thought, intention or desire in the mind. WEBSTER'S NEW INTERNATIONAL DICTIONARY 2376 (3d ed.1993). Thus, if the jury believed that Hopper "thought" the substance he possessed was methamphetamine, then it concluded Hopper knew of the methamphetamine's presence and was aware it was methamphetamine.

Unlike the instructions in *Blake,* which allowed a finding of guilty if the defendant was unaware the substance he possessed was a controlled substance, the instructions in this case allowed the jury to find Hopper guilty only if it concluded he knowingly possessed methamphetamine. The jury instructions were a correct statement of the law and did not mislead the jury. Accordingly, Hopper's judgment of conviction for possession of a controlled substance is affirmed.

Judge LANSING and Judge GUTIERREZ, concur.