**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45054**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 466** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  May 22, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **RICHARD PAUL MEYERS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jonathan Medema, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

———————————————

HUSKEY, Judge

Richard Paul Meyers appeals from his judgment of conviction for grand theft.  He argues the district court violated his Sixth Amendment right to self-representation under the United States Constitution.  The judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Just five days after being released on parole on an unrelated charge, Meyers stole a truck.  Officers found Meyers driving the truck about twenty minutes later and arrested him.  Meyers was charged with grand theft, felony, Idaho Code §§ 18-2403(1), 18-2407(1)(b), and 18-2409.

Meyers entered a not guilty plea and waived his right to a jury trial.  On the day set for trial, the district court became concerned about Meyers' competency to stand trial and vacated the trial date for Meyers to complete a competency evaluation.  The psychologist that performed

1

the evaluation found Meyers to be competent, but stated that "under stress and without the help of psychiatric intervention, Mr. Meyers may have an exacerbation of his manic symptoms, which would render him not competent to proceed in his case." Because the evaluation left the question of Meyers' competency open, the district court ordered Meyers to undergo a second evaluation. The psychologist that performed the second evaluation found Meyers was not competent to stand trial. Thus, the district court ordered Meyers receive mental health treatment. Following treatment, the district court found Meyers' competency had been restored and set a new trial date.

Meyers then filed a pro se letter with the district court, stating, among other things, "I have fired [my public defender] and notified his supervisor . . . . I am prepared to represent myself in this matter and will present my defense as soon as is possible" and "I choose to exercise the right to defend myself in this matter." The district court did not hold a hearing to address Meyers' letter. At trial, neither Meyers nor his newly appointed public defender mentioned Meyers' statements about proceeding pro se.

At the end of the trial, the district court found Meyers guilty of grand theft and imposed a unified sentence of seven years, with two years determinate. Meyers timely appeals to this Court.

## II.

## STANDARD OF REVIEW

When reviewing a lower court's determination regarding the waiver of a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts as found. *State v. Hoffman*, 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct. App. 1989). A criminal defendant has a constitutional right to the assistance of counsel at all critical stages of the criminal process. *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963); *State v. Blevins*, 108 Idaho 239, 241-42, 697 P.2d 1253, 1255-56 (Ct. App. 1985). An accused also has the right to waive the assistance of counsel and to represent himself or herself. *See Faretta v. California*, 422 U.S. 806, 834 (1975); *State v. Averett*, 142 Idaho 879, 885, 136 P.3d 350, 356 (Ct. App. 2006). A waiver of the right to counsel is valid only if it was effected knowingly, voluntarily, and intelligently. *Averett*, 142 Idaho at 885, 136 P.3d at 356. The burden is upon the State to show that the waiver satisfied this standard. *State v. Hunnel*, 125 Idaho 623, 625, 873 P.2d 877, 879 (1994). If there was a

deprivation of the right to counsel through the trial court's acceptance of an invalid waiver, the error is fundamental and therefore necessitates our independent review although the claim was not raised below. *See Hunnel*, 125 Idaho at 625, 873 P.2d at 879; *State v. King*, 131 Idaho 374, 376, 957 P.2d 352, 354 (Ct. App. 1998).

## III.

## ANALYSIS

Meyers argues the district court violated his right to self-representation as guaranteed by the Sixth Amendment to the United States Constitution. He contends: (1) that he clearly and unequivocally invoked his right to self-representation in the letter he sent the district court, and (2) that he did not abandon the invocation of that right.

Meyers' statements in the letter he sent the district court evidence a clear and unequivocal invocation of his right to self-representation. The phrase Meyers used, "I choose to exercise the right to defend myself" is not a statement of intent, as the State argues, but rather an invocation of the right to self-representation. Additionally, the waiver is not rendered unclear by Meyers' competency history or the mental health treatment he received. At the time Meyers sent the letter, he had been declared competent by the district court.

Assuming for purposes of argument that Meyer's invocation of his right to self-representation and the concomitant waiver of the right to counsel was valid, Meyers abandoned his right to self-representation based on his subsequent conduct. An unequivocally asserted request for self-representation can be waived by subsequent words or conduct indicating a change of intention. *People v. Abdu*, 215 P.3d 1265, 1268 (Colo. App. 2009); *see also Wilson v. Walker*, 204 F.3d 33, 38-39 (2d Cir. 2000) (holding that a defendant reasonably appeared to abandon his initial request to represent himself by voicing no dissatisfaction with his attorneys and by not reasserting his desire to proceed pro se); *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) ("Even if defendant requests to represent himself, however, the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether."). In deciding whether a defendant intends to abandon a motion for self-representation, a court should consider the totality of the circumstances. *State v. McLemore*, 288 P.3d 775, 786 (Ariz. Ct. App. 2012). Among the relevant circumstances to consider are: (1) defendant's opportunities to remind the court of a pending motion; (2) defense counsel's awareness of the motions; (3) any affirmative conduct by the defendant that would run

3

counter to a desire for self-representation; (4) whether the defendant waited until after a conviction to complain about the court's failure to rule on his motion; and (5) the defendant's experience in the criminal justice system and with waiving counsel. *Id.*

Although Meyers clearly invoked his right to self-representation, his subsequent conduct, or lack thereof, shows he abandoned his right to self-representation. First, Meyers never renewed his request to proceed pro se after his letter, not even when asked by the district court if there was anything he would like to raise with the district court. Second, the record does not indicate that Meyers' counsel was notified of Meyers' letter requesting self-representation. Third, Meyers cooperated and continued with counsel throughout the trial, never indicating his desire to represent himself. Fourth, Meyers waited to renew his right to self-representation until after his conviction and sentencing. Last, the record shows that Meyers had been in state custody for fourteen years, indicating some familiarity with the criminal justice system.

Considered together, the totality of the circumstances after Meyers invoked his right to self-representation shows Meyers abandoned his request to proceed pro se. What Meyers objected to was the specific public defender that he "fired." Thereafter, a different public defender appeared on behalf of Meyers and represented him throughout the trial and sentencing. That supports a conclusion that Meyers did not object to having appointed counsel, generally, but did object to representation by that specific public defender. Meyers successfully obtained a different attorney, which appeared to have satisfied Meyers' basis to represent himself--his dissatisfaction with his initial public defender. Moreover, Meyers had multiple opportunities to bring his request to the attention of the district court. In light of the fact that Meyers did not object to other appointed counsel or bring to the district court's attention his on-going desire to proceed pro se, it was reasonable for the district court to conclude that Meyers did not intend to represent himself. Thus, his Sixth Amendment right to self-representation under the United States Constitution was not violated.

## IV.

## CONCLUSION

Although Meyers did clearly and unequivocally invoke his right to self-representation, he abandoned the invocation of that right. Thus, the district court did not violate Meyers' Sixth Amendment right. Meyers' judgment of conviction is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

4