690 P.2d 956
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Randy BINGHAM, Defendant-Appellant.**

No. 15049.

Court of Appeals of Idaho.

Nov. 7, 1984.

Petition for Review Denied
Jan. 21, 1985.

**502**

Gaylen L. Box, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Randy Bingham appeals from an order revoking his probation. We affirm.

Bingham had been placed on probation in Idaho under a suspended sentence for burglary and supervision of his probation was transferred to the State of Texas to allow him to participate in a drug rehabilitation program. A specific provision in Bingham's probation agreement with the Idaho Department of Correction required that Bingham "shall respect and obey all laws and at all times conduct [himself] as a good citizen." While on probation in Texas, Bingham was convicted, upon a plea of guilty and upon a plea of nolo contendere, of two misdemeanor thefts. Subsequently he was returned to Idaho for a probation revocation hearing. Upon evidence submitted at the hearing, the district court found that Bingham had violated his probation "insofar as being convicted of other criminal offenses" in Texas during his term of probation.

Bingham raises two issues on appeal. First, he asserts the state had the burden to prove beyond a reasonable doubt that he was the same Randy Bingham convicted of misdemeanor thefts in Texas, before his probation could be revoked. Second, Bingham maintains that his Texas convictions could not be the basis for revoking his probation in Idaho because his pleas in Texas were entered without the aid of an attorney. We will address each of these contentions in turn.

 a person is convicted of a crime other than treason or murder, the sentencing judge has discretion to suspend the prison sentence and place the defendant on probation "under such terms and conditions as it deems necessary or expedient." I.C. § 19–2601. If the defendant violates the conditions of the probation, the defendant can be arrested on a bench warrant and his probation revoked. I.C. § 19–2602. Due process requires a hearing before probation is revoked, giving the probationer a reasonable opportunity to examine and rebut adverse evidence and to cross-examine hostile witnesses. However, proof of probation violation beyond a reasonable doubt is not required. *State v. Edelblute*, 91 Idaho 469, 424 P.2d 739 (1967).

██ ██ the record in this case, we believe the state adequately proved that the Randy Bingham convicted of theft violations in Texas was the same Randy Bingham who had been convicted of burglary and placed on probation in Idaho. Bingham's Idaho probation officer, Mr. Newman, testified at the revocation hearing. His testimony indicated that Bingham went to Texas and enrolled in the drug rehabilitation program. During Bingham's brief enrollment in the program, Mr. Newman had several telephone conversations with the director of the program and with a Texas probation officer. Both individuals were aware of Bingham's presence and activity in Texas. The record shows that the Texas probation officer knew of Bingham's release from the drug program, and that he contacted Mr. Newman when Bingham was subsequently arrested on theft charges. A bench warrant was issued in Idaho for Bingham's arrest and he was extradited to this state. During the revocation hearing, copies of Bingham's Texas convictions were introduced into evidence. At no point in the proceedings below did Bingham deny that he had been convicted of theft charges in Texas or otherwise challenge in any way his identification with the violative conduct in Texas. Upon this record, we hold the state adequately proved that Bingham was the same Randy Bingham convicted of misdemeanor theft in Texas.

[3] second argument is that because he waived his right to legal counsel before entering his pleas in Texas, those convictions cannot now serve as a basis for revoking his probation. Bingham states in his brief that he would not have

been imprisoned but for the Texas misdemeanor convictions, and cites U.S. Supreme Court decisions for the proposition that uncounseled convictions are invalid for the purpose of depriving a person of his liberty. *See, e.g., Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Thus, because his convictions were uncounseled, Bingham argues they cannot serve as the basis for depriving him of his liberty. However, the record shows the Texas sentencing judge found Bingham's waiver of counsel to be knowingly, voluntarily and intelligently made.

■ Moreover, the record shows Bingham knew, at the time he was sentenced in Idaho, the conditions of his probation and the consequences if the conditions were violated. He does not assert that he was unaware, when entering his pleas in Texas, of the effect his conduct would have on his probation or that his conduct did not amount to a probation violation. Bingham's probation was revoked in Idaho after a hearing during which Bingham was given ample opportunity to examine and rebut adverse evidence and to cross-examine the state's witnesses. On this record, the district judge did not err by revoking Bingham's probation.

The order revoking Bingham's probation is affirmed.