824 P.2d 899

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Miguel BUZO, Defendant–Appellant.**

**No. 18676.**

Court of Appeals of Idaho.

Dec. 30, 1991.

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

In 1985 Miguel Buzo pled guilty in the district court for Canyon County to sexual abuse of a ten-year-old girl. He received a five-year indeterminate sentence which was suspended upon probationary conditions including a requirement that Buzo serve some time in jail. When released from jail he was allowed to move to California where he continued to be on probation. In June, 1989, Idaho charged Buzo with having violated his probation by commission of misdemeanors in California, namely, being under the influence of a controlled substance (1986), petit theft (1986), and petit theft and speeding (1989).

In September, 1989, Buzo appeared before the district court at a probation violation hearing. He had the assistance of an interpreter, but when asked if he wanted to have an attorney represent him, Buzo responded, "I don't need one." He also admitted the allegations that he had violated his probation.

The district court revoked Buzo's probation and ordered him to serve the remainder of the five-year sentence previously imposed. However, the judge retained jurisdiction under I.C. § 19–2601(4) with the intent that Buzo would be incarcerated by the Board of Correction and placed in a program for sexual offenders. In February, 1990, the Jurisdictional Review Committee of the Board recommended that the district court relinquish its jurisdiction. The court did so in March, 1990, leaving Buzo in the custody of the Board of Correction to serve the remainder of his sentence. Buzo, acting pro se, filed a timely notice of appeal from the order relinquishing jurisdiction (Case No. 18676). At his request, his present counsel was appointed to represent him in the appeal. In June, 1990, Buzo's counsel timely filed an I.C.R. 35 motion for reduction of sentence. On August 30, the district court denied the motion. Buzo filed a separate appeal from this order in September, 1990 (Case No. 18888) and the two appeals were consolidated for disposition.

Buzo raises the following issues: (1) whether he was deprived of his constitutional right to effective assistance of counsel and to due process of law by having his probation revoked without assistance of counsel; (2) whether the district court abused its discretion in dropping its juris-

diction and requiring Buzo to serve the remainder of the five-year sentence; and (3) whether the district court abused its discretion in denying the Rule 35 motion for reduction of the sentence. From our review, we conclude that resolution of the first issue is dispositive of these appeals.

Our inquiry involves two essential questions: Did Buzo make a valid waiver of his right to counsel? Did he make an informed, voluntary admission of the acts which were used to revoke his probation?

In *State v. Kelsey*, 115 Idaho 311, 766 P.2d 781 (1988), our Supreme Court reviewed the requirements for revocation of probation:

> Our statutes and cases require that a probationer be given a due process hearing before his probation can be revoked. The Idaho statutes provide that probation may not be revoked absent (1) satisfactory proof of a violation of a probation condition, or (2) "any other cause satisfactory to the court." I.C. §§ 19–2602, 20–222. Throughout probation revocation proceedings, the probationer is entitled to due process. Before probation can be revoked, the court must conduct a hearing. I.C. §§ 19–2603, 20–222. The probationer must be given adequate notice of the grounds for revocation prior to the hearing. *State v. Wolfe*, 99 Idaho 382, 389, 582 P.2d 728, 735 (1978). The probationer is entitled to be present at the hearing and may be entitled to be represented by counsel. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *cf. Schmidt v. State*, 103 Idaho 340, 647 P.2d 796 (Ct.App. 1982). Probationer must be afforded the opportunity to present and rebut evidence and to call and cross examine witnesses. *See State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969); *State v. Edelblute*, 91 Idaho 469, 480, 424 P.2d 739, 746 (1967); *State v. Bingham*, 107 Idaho 501, 502, 690 P.2d 956, 957 (Ct.App.1984). In addition, the state bears the burden of providing satisfactory proof of a violation or "any other cause," though proof

beyond a reasonable doubt is not required. *State v. Bingham, supra.*

*Id.* at 314, 766 P.2d at 784.

■ There are no firm rules that categorically apply to determine when a probationer is constitutionally entitled to counsel. The United States Supreme Court held in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), that counsel should be provided if,

> the probationer ... makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

411 U.S. at 790, 93 S.Ct. at 1764. The ultimate determination of whether a probationer has a constitutional right to counsel is within the discretion of the state authority administering the probation system and must be made on a "case-by-case basis". *Id.*

We are not required to decide if Buzo was entitled to counsel at his revocation hearing because the district judge advised him of such right, and the state concedes on appeal that Buzo had the right to counsel. We note, however, that this was not a combined revocation and sentencing hearing because the court had already imposed Buzo's sentence in May 1985. Sentencing has been held to be a critical stage of the prosecution and it automatically triggers the right to counsel. *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

The court informed Buzo that he had a right to an attorney at all potential stages of the probation violation proceedings, including upon the questioning of the defendant as to whether he violated probation; or if he admitted violating probation, then at the disposition hearing; and finally, if he denies violating probation, then at the evidentiary hearing. However, the court never specifically informed Buzo of his right,

at any time, to a court-appointed attorney if he could not afford one. After the initial overview of the proceedings, the judge asked Buzo, "do you request to have an attorney....?" Buzo responded through an interpreter, which he used throughout the hearing, "I don't need one."

▮ We must determine whether Buzo's response that he did not need a lawyer constituted an effective waiver of the right to counsel. A valid waiver can be made only if the defendant waives the right knowingly and intelligently. *State v. Mitchell*, 104 Idaho 493, 660 P.2d 1336 (1983), *cert. denied*, 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983); *State v. Wuthrich*, 112 Idaho 360, 732 P.2d 329 (Ct.App. 1986). We look to the totality of the circumstances, in our review of whether the district court correctly ruled that Buzo made a knowing and voluntary waiver of his right to counsel. *State v. Mitchell, supra.* Because of its constitutional significance, the issue of waiver mandates independent appellate review. *State v. Wuthrich, supra; see also State v. Mitchell, supra.*

▮ The state argues that Buzo's response, "I don't need [an attorney]," was an unequivocal waiver of the right to counsel. The state contends effective waiver occurred in light of the fact that Buzo was represented by court-appointed counsel on the initial charges approximately four years earlier and the fact that Buzo had asked for court-appointed counsel for his appeal when the court relinquished jurisdiction after the revocation hearing. The state contends that these factors demonstrate Buzo's familiarity with the right to court-appointed counsel. We are not convinced that Buzo effectively waived his right to counsel under the facts and circumstances of this case. Idaho Code § 19–857 provides that a person informed of his right to counsel may waive that right if the court finds

> that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law. The court shall consider such factors as the person's age, edu-

cation, and familiarity with the English language and the complexity of the crime involved.

I.C. § 19–857. The record contains no specific information regarding Buzo's education or age. It is clear, however, that Buzo is not very proficient in the English language nor well-educated as evidenced by his use of an interpreter at the hearing and his handwritten letters contained in the record.

A defendant is entitled to be told explicitly that if he is indigent and desires an attorney, counsel will be provided. *Pharris v. State*, 91 Idaho 456, 424 P.2d 390 (1967). The defendant in *Pharris* was told at his arraignment of the right to counsel but not specifically that counsel would be provided if he was indigent:

> THE COURT: Do you have a lawyer, Mr. Pharris?
>
> MR. PHARRIS: No, I don't.
>
> THE COURT: Do you want one?
>
> MR. PHARRIS: No.

*Pharris v. State*, 91 Idaho at 457, 424 P.2d at 391. The Supreme Court held that an effective waiver cannot occur unless an indigent defendant is fully aware of the extent of the right to counsel. *Pharris v. State, supra.* The Court held that the record did not show a knowing and intelligent waiver where the defendant "was required either to elect to have counsel, or to waive the right to counsel." (Citations omitted.) *Id.* at 459–60, 424 P.2d at 393–94.

In *Pharris*, the state argued that the defendant was advised in a separate proceeding of the right to have counsel appointed if he was indigent. This advice was given six months prior to the arraignment at issue. The Supreme Court rejected the state's argument in *Pharris*. Consistent with *Pharris*, we are satisfied that the advisement of the right to court-appointed counsel given at the time of Buzo's arraignment on the charge in 1985 was not sufficient to advise him of his right to court-appointed counsel at the probation violation proceeding in 1989. We cannot conclude that Buzo's waiver of his right to

counsel at the revocation hearing was made knowingly and intelligently.

To make an adequate record that a defendant has waived his right to counsel, the court should make the defendant aware of the charges against him, the potential penalties, and the disadvantage of proceeding without counsel. *United States v. Wadsworth,* 830 F.2d 1500 (9th Cir.1987). The court advised Buzo of his right to have the probation violation report read and translated to him if it had not been done. However, the record does not show that the court advised Buzo of the possible penalties if he admitted to the violation, or of the disadvantages of pro se representation. Instead, he was told, through the interpreter:

> If you admit the probation violation then you would have an opportunity to go into what we call a disposition hearing. That is what are we going to do to you for violating the probation. *At that disposition hearing you would have an opportunity to present evidence and witnesses and again be represented by an attorney as to what you felt was the most appropriate disposition for your probation violation.* [Emphasis added.]

It is not clear from the record that Buzo understood what was meant by "the most appropriate disposition for your probation violation." Moreover, he was never asked what he thought would be appropriate and he had no advocate who would offer any plea for leniency in his behalf, as the interpreter could not act as an advocate.

Facially there was no defense or apparent confusion raised as to the commission of the three crimes in California for which Buzo was charged with violating probation. However, Buzo's dealings with his California probation officer revealed a confusion as to the status of his probation. Buzo indicated to the court that his California probation officer had told him that he was no longer on probation. Buzo also stated that his probation officer had given him permission to move outside the county where he was residing, which is contrary to a letter received by the Idaho Department of Corrections from the California Proba-

tion Department. With the assistance of counsel, this information may have been a potential defense or a circumstance in mitigation of punishment.

We do not think it is our province to diminish the scope of the right to counsel in the context of a revocation hearing if it has attached, although arguably a defendant's right to counsel should be given greater protection at the time of sentencing and conviction than afterwards at a revocation hearing. Based on all of the circumstances, we conclude that the court failed to fully advise Buzo of the extent of the right to counsel, and therefore Buzo's statement indicating he had no "need" for an attorney was not an intelligent and knowing waiver of his right to counsel.

We vacate the order revoking probation and remand the case for further proceedings. In light of this disposition, we find it unnecessary to address Buzo's claims that the district court abused its discretion in relinquishing jurisdiction and in denying his motion to reduce the sentence.