**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39419**

| | | |
|---|---|---|
| **JEFFERY E. MARTIN,** | ) | **2013 Unpublished Opinion No. 796** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: December 20, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Judgment denying post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jeffrey E. Martin appeals from the district court's judgment denying his petition for post-conviction relief after an evidentiary hearing.

**I.**

**BACKGROUND**

In a previous appeal, we described the background of Martin's criminal case:

Following a traffic stop of a vehicle driven by Martin, a Boise police officer frisked Martin for weapons. A number of unused syringes were found in his pocket. Thereafter, Martin's vehicle was searched with his consent, and the officer found a small amount of a substance suspected to be methamphetamine, another syringe, and other paraphernalia. Martin was arrested and charged with possession of methamphetamine, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1).

Prior to trial, Martin discharged his public defender and was allowed to represent himself. He then filed a motion to suppress the physical evidence found in his pocket and vehicle and the statements he made during the detention,

1

contending that his Fourth Amendment rights had been violated when the officer frisked him. Martin also filed motions to have the syringe from the vehicle tested for DNA at state expense and to have the methamphetamine re-tested at public expense. The district court denied the motions. The matter proceeded to trial and Martin was convicted on both charges.

*State v. Martin*, 146 Idaho 357, 359, 195 P.3d 716, 718 (Ct. App. 2008). In that appeal, this Court found no error in the denial of Martin's motions and affirmed the judgment of conviction.

Thereafter, Martin filed a petition for post-conviction relief asserting various claims for relief. The district court granted the State's motion for summary dismissal of all claims save for Martin's contention that his waiver of counsel prior to trial was not knowing, voluntary, and intelligent. The district court determined that there existed genuine issues of material fact concerning Martin's asserted mental health deficiencies and whether the district court's warnings to Martin about the consequences and pitfalls of self-representation were constitutionally adequate. The claim proceeded to a trial on the merits.

Evidence presented to the court included a transcript of the hearing in the criminal case at which Martin waived his right to counsel. It showed that the following exchange occurred:

> THE DEFENDANT: Your Honor, I believe the best defense I am going to be able to get in this case is if you will name me pro se counsel with assistance from another public defender. I better than anyone know that I am innocent, and I am committed more than anyone else is going to be to put up a vigorous defense.
>
> I am not trained as extensively as a good attorney would be. I don't have the experience, but I do have some education in the law. And I honestly believe that that's my best hope for getting a proper defense in this case.
>
> THE COURT: Well, Mr. Martin, you absolutely have a constitutional right to represent yourself in these proceedings. You have listed a number of reasons why self-representation is frequently not a desirable thing, but ultimately the decision as to who represents you in this litigation as to whether it is yourself or appointed counsel is your decision.
>
> Is it your decision to represent yourself in this litigation?
>
> THE DEFENDANT: Yes, sir, it is. However, I would request that I be appointed a public defender who will assist me because I have never been through the jury selection process, and I may be at a severe disadvantage in that area.
>
> THE COURT: Well, the role of what is frequently referred to as standby counsel is to answer questions that the self-represented litigant may have and that sort of thing. It isn't a co-counsel role where appointed counsel handles, for example, jury selection and opening statements. And the other individual, the defendant himself, represents or handles another portion of the trial.
>
> Do you understand that if standby counsel, if any attorney is placed as a standby counsel, they would simply be in a position to answer questions you may have rather than to conduct portions of the trial?

2

THE DEFENDANT: Yes, sir, but would he be present during the trial?

THE COURT: Absolutely.

THE DEFENDANT: Then I feel that is what I would rather do.

THE COURT: Why is it that [current counsel] could not be put in a standby position? He is an extraordinarily experienced trial attorney and he certainly has a great understanding of the rules of evidence and procedure.

THE DEFENDANT: Sir, I would have no problem with that.

. . . .

THE COURT: Well, it is ultimately your decision as to whether he plays the role of sitting there answering questions you may have or alternatively representing you in this litigation. I don't want to try to steer you towards a decision toward self-representation because, frankly, I think it is an ill-advised course. But it is the constitutional right that people have to make decisions that are not always in their best interest.

Following the trial in the post-conviction action, the district court denied post-conviction relief, finding that Martin was aware of the dangers of representing himself, that there was no indication that his waiver of his right to counsel was involuntary, and that he had not met his burden to prove that his waiver of counsel was not knowingly, voluntarily, and intelligently made. Martin appeals from the subsequent judgment.

## II.

## ANALYSIS

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

The Sixth Amendment guarantees indigent criminal defendants the right to appointed counsel. *Gideon v. Wainwright*, 372 U.S. 335, 339-40 (1963); *Pharris v. State*, 91 Idaho 456, 458, 424 P.2d 390, 392 (1967). A defendant may reject a court-appointed attorney, however, and conduct his own defense. *Faretta v. California*, 422 U.S. 806, 835 (1975). If the defendant

3

seeks to proceed without counsel, the waiver of counsel must be knowing, voluntary, and intelligent. *Id.*; *State v. Anderson*, 144 Idaho 743, 746, 170 P.3d 886, 889 (2007); *State v. Lovelace*, 140 Idaho 53, 64, 90 P.3d 278, 289 (2003). Where a defendant waived counsel and represented himself at trial, appellate review of the validity of the waiver includes consideration of the adequacy of warnings by the trial court to the defendant concerning "the dangers and disadvantages of self-representation" so that the defendant "knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835.

In this appeal, Martin contends that the trial court's *Faretta* warnings at the hearing at which he waived counsel and elected to defend himself at trial were inadequate and that his waiver of counsel was therefore constitutionally infirm. Before we reach the merits of this claim, we consider the State's contention that Martin's claim of error should not be addressed because he did not plead a claim of inadequate *Faretta* warnings in his petition for post-conviction relief.

A petition for post-conviction relief must specifically set forth the grounds upon which the petition is based and clearly state the relief desired. I.C. § 19-4903. All grounds for relief must be raised in the original, supplemental, or amended petition. I.C. § 19-4908. The State is correct in its current assertion that Martin pleaded only a claim that his waiver of counsel was not knowing, voluntary, and intelligent because of his untreated psychological disorders and that Martin's amended petition makes no reference to the adequacy of the district court's warnings at the time of his waiver of counsel. We conclude, however, that Martin's *Faretta* warnings claim must be considered by this Court because it was tried by consent.

Post-conviction petitions are governed by the Idaho Rules of Civil Procedure. *Dunlap v. State*, 141 Idaho 50, 57, 106 P.3d 376, 383 (2004); *Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000). Idaho Rule of Civil Procedure 15(b) addresses the circumstance when a cause of action or issue, though not pleaded, is nevertheless presented at trial. It says:

> When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

4

The purpose of Rule 15(b) is to allow, in appropriate circumstances, cases to be decided on the merits rather than upon technical pleading requirements. *Noble v. Ada Cnty. Elections Bd.*, 135 Idaho 495, 500, 20 P.3d 679, 684 (2000). Implied consent to the trial of an unpleaded issue is not established merely because evidence relevant to that issue was introduced without objection. *M.K. Transport, Inc. v. Grover*, 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980). It must at least appear that the parties understood evidence presented at trial to be aimed at the unpleaded issue. *Id.*

Here, the record shows that the State clearly understood that a *Faretta* warnings claim was being tried. In its order denying summary dismissal of Martin's waiver of counsel claim, the district court stated, in clear terms, its belief that Martin was asserting not only that his waiver was constitutionally infirm because of his untreated psychological disorders but also because of alleged inadequacy of the trial court's *Faretta* warnings. At the subsequent trial, substantial evidence relevant to the *Faretta* issue was introduced. At the close of the evidence, both parties made arguments to the court concerning whether the trial court's warnings had been constitutionally adequate. And in its final order denying post-conviction relief, the district court specifically addressed the issue in some detail, ultimately deciding the issue against Martin. Because the State knew prior to trial that a *Faretta* warnings claim would likely be pursued and because the State participated without objection in a trial at which evidence and argument was directed to that claim, the *Faretta* warnings claim currently advanced by Martin in this appeal was tried by the State's implied consent. The State's current position that the issue should not be addressed in this appeal is therefore erroneous, and we will consider whether this claim was correctly denied by the district court.

In *Iowa v. Tovar*, 541 U.S. 77 (2004), the United States Supreme Court outlined some of the applicable factors to be considered when a criminal defendant seeks to waive counsel and proceed pro se:

> We have described a waiver of counsel as intelligent when the defendant "knows what he is doing and his choice is made with eyes open." *Adams*, 317 U.S., at 279, 63 S. Ct. 236. We have not, however, prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election, our decisions indicate, will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding. *See Johnson*, 304 U.S., at 464, 58 S. Ct. 1019.

5

As to waiver of trial counsel, we have said that before a defendant may be allowed to proceed *pro se,* he must be warned specifically of the hazards ahead. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), is instructive. The defendant in *Faretta* resisted counsel's aid, preferring to represent himself. The Court held that he had a constitutional right to self-representation. In recognizing that right, however, we cautioned: "Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing . . . ." *Id.*, at 835, 95 S. Ct. 2525 (internal quotation marks omitted).

Later, in *Patterson v. Illinois*, 487 U.S. 285, 108 S. Ct. 2389, 101 L. Ed. 2d 261 (1988), we elaborated on "the dangers and disadvantages of self-representation" to which *Faretta* referred. "[A]t trial," we observed, "counsel is required to help even the most gifted layman adhere to the rules of procedure and evidence, comprehend the subtleties of *voir dire,* examine and cross-examine witnesses effectively . . . , object to improper prosecution questions, and much more." 487 U.S., at 299, n.13, 108 S. Ct. 2389. Warnings of the pitfalls of proceeding to trial without counsel, we therefore said, must be "rigorous[ly]" conveyed. *Id.*, at 298, 108 S. Ct. 2389. We clarified, however, that at earlier stages of the criminal process, a less searching or formal colloquy may suffice. *Id.*, at 299, 108 S. Ct. 2389.

*Tovar*, 541 U.S. at 88-89.

The Idaho Supreme Court has directed that in determining the validity of a defendant's waiver of trial counsel the inquiry is whether, as ascertained from the record as a whole, the defendant was aware of the dangers and disadvantages of trial self-representation, not whether that awareness was gained solely from the warnings expressed by the trial court at the time of waiver. In *State v. Dalrymple*, 144 Idaho 628, 167 P.3d 765 (2007), our Supreme Court stated:

To determine if Dalrymple's waiver was constitutionally valid, we view the record as a whole, not just at the particular moment of waiver. The *Faretta* Court stated the defendant must "be made aware of the dangers and disadvantages of self-representation." 422 U.S. at 835, 95 S. Ct. at 2541, 45 L. Ed. 2d at 582. *Faretta* warnings, however, do not need to be given contemporaneously to the defendant's waiver. Instead, such warnings must be given "so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' "*Id.* (quoting *Adams v. United States ex. rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 242, 87 L. Ed. 268, 275 (1942)). Therefore, the district court at a minimum must be satisfied that Dalrymple understood the inherent risks involved in waiving the right to counsel. [*State v. Hunnel*, 125 Idaho 623, 626, 873 P.2d 877, 880 1994.] While contemporaneous *Faretta* warnings are perhaps the most prudent means to ensure the defendant's grasp of the disadvantages of self-representation, we look to the record as a whole to determine if Dalrymple

6

> knowingly, intelligently, and voluntarily waived his constitutional right.  [*State v. Lovelace*, 140 Idaho 53, 64, 90 P.3d 278, 289 (2003).]

*Dalrymple*, 144 Idaho at 634, 167 P.3d at 771.

On the record here, Martin has not shown that the district court erred in denying Martin's claim that his waiver of counsel was not knowing, intelligent, and voluntary.  Although the trial court's cautionary words in this case are perhaps not exemplary warnings of the hazards faced by a pro se defendant at trial, the record as a whole shows that Martin made his election to waive counsel voluntarily, with awareness of the perils of self-representation.  In his colloquy with the court, Martin expressed that he was already aware that his choice to represent himself was risky because he lacked the training or experience of an attorney.  Martin expressly acknowledged that he was unaware of how to conduct the jury selection process, and he was then informed that he would have to handle the jury selection and all other parts of the trial, with standby counsel available only to answer questions.  The court mentioned that an attorney would have an understanding of the rules of evidence and procedure, implicitly pointing out areas of knowledge that Martin would not possess.  The court also told Martin that self-representation is "not a desirable thing" and that the court viewed it as "an ill-advised course."  Given the Idaho Supreme Court's directive in *Dalrymple* that we look to the entire record to determine whether the defendant understood the risk involved in waiving the right to counsel, we conclude that the record here sufficiently demonstrates that Martin's waiver of counsel was knowing, voluntary, and intelligent.

Martin argues, however, that the trial court's warnings were inadequate because the court "never told [him] that he would be held to the same standard as an attorney."  We disagree.  At the hearing, the district court told Martin that he alone would be responsible for conducting his own trial; that he must file, give notice of, and argue pretrial motions in the ordinary course; that Martin must file a list of any witnesses he wished to call at trial, and that an attorney would be knowledgeable about the rules of evidence and procedure.  Thus, the trial court did communicate that Martin would be held to the standards of an attorney, albeit not in those specific words.

Martin also complains that the trial court did not warn him of specific self-representation challenges he ultimately faced because of his pretrial incarceration, including difficulties in finding and subpoenaing witnesses, limited access to a law library, and lack of money for postage and copying.

7

All of these complaints are specific consequences that Martin experienced due to his personal circumstances, including his pretrial incarceration. As far as we have found, neither the United States Supreme Court nor Idaho courts have required such anticipatory, particularized warnings tailored to the defendant's individual circumstances. In addressing a defendant's argument that although *Miranda*[1] warnings he received were adequate to protect his Fifth Amendment right during post-indictment questioning, they did not adequately inform him of his Sixth Amendment right to counsel, the United States Supreme Court observed, "If [the defendant] . . . lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum." *Patterson v. Illinois*, 487 U.S. 285, 294 (1988) (internal quotation marks omitted). In most cases, it likely would be impossible for any court to specifically anticipate every obstacle, impediment, or disadvantage that might be encountered by a pro se defendant. Therefore, we reject Martin's assertion that the warnings here were insufficient because they did not identify certain specific challenges that he ultimately encountered in the course of his self-representation.

Martin also contends that his situation is "remarkably similar" to that of the defendant in *State v. Jackson*, 140 Idaho 636, 97 P.3d 1025 (Ct. App. 2004), where this Court reversed the defendant's conviction because of inadequacy of the trial court's waiver warnings. Although the underlying facts of the two cases are similar in that both Martin and Jackson were charged with possession of methamphetamine, with respect to the facts relevant to the validity of their waivers of counsel, the cases are dissimilar. In *Jackson*, 140 Idaho at 638, 97 P.3d at 1027, the trial court gave no warnings whatsoever of the hazards of self-representation, and the record as a whole did not otherwise disclose that the defendant appreciated the risks of proceeding pro se. *See id.* at 641, 97 P.3d at 1030. Here, in contrast, the trial court gave several warnings, and Martin himself made statements showing that he understood many of the dangers and disadvantages of self-representation.

Lastly, Martin complains that the trial court did not tell him that by electing self-representation he would forfeit claims of ineffective assistance of counsel (claims that he unsuccessfully attempted to pursue in the instant action). This contention is based upon an

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

incorrect premise, that Martin was somehow deprived of his ability to make claims of ineffective assistance of counsel for the work that his defense attorney did before Martin elected to defend himself. Martin did in fact assert in this post-conviction action claims of ineffective assistance of counsel and those claims were addressed on the merits. They were not rejected because he had elected to later waive counsel, but because he had not met his burden to prove either deficient performance by his prior defense attorney or prejudice from the alleged deficiencies.

We conclude that the *Faretta* warnings given by the trial court in this case were constitutionally adequate and that Martin has not shown that his waiver of counsel was not knowing, voluntary, and intelligent.

The district court's judgment denying post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**