**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43583**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  June 22, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| WILLIAM PATRICK DOUGHERTY, III, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Benewah County.  Hon. John T. Mitchell, District Judge.

Order withholding judgment, reversed and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Chief Appellate Unit, Boise, for appellant.  Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

_____

GRATTON, Chief Judge

William Patrick Dougherty, III, appeals from the order withholding judgment following his conviction for felony eluding.  We reverse and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Dougherty was arrested after leading several law enforcement officers on a high-speed chase.  The State charged Dougherty with a single count of felony eluding a police officer, Idaho Code § 49-1404(1), (2)(a), and/or (c).  At Dougherty's first appearance, the presiding magistrate offered to consider appointing an attorney to represent Dougherty, but he refused to complete the application for court-appointed counsel.  Instead, Dougherty asked the court for an "interpreter" who could assist him in navigating the legal process.  At his arraignment, the district court also asked Dougherty if he wanted a court-appointed public defender to represent him.  Dougherty

1

replied by asking for the "assistance of counsel." Again, Dougherty characterized his request as a request for an interpreter to assist him in effectively communicating with the court because he did not speak "legal English." The court entered a not guilty plea on Dougherty's behalf and set the case for trial.

At a motion hearing that took place after his arraignment, Dougherty explained to the court that he could not be represented by an attorney due to his religious beliefs. Consequently, the court granted Dougherty's request for "assistance of counsel" by appointing a public defender to assist Dougherty. However, before trial, Dougherty's father hired a private attorney who then substituted in for the public defender in order to give a second opinion on Dougherty's case. Dougherty claimed he did not know the private attorney was going to be assisting on the case and moved for his withdrawal. The district court granted the motion to withdraw but did not reappoint a public defender.

Nearly six months after the private attorney's withdrawal, Dougherty appeared pro se at trial and moved to postpone because he did not have the assistance of counsel. The court denied Dougherty's motion, and the trial proceeded. Dougherty refused to participate in any aspect of the trial. He refused to question the jury panel at voir dire, make an opening statement, conduct cross-examination of the State's witnesses, or present a defense. Throughout the trial, Dougherty repeated his objection to the proceedings and continually demanded the "Sixth Amendment assistance of counsel." Ultimately, the jury found Dougherty guilty.

Dougherty appeared pro se at sentencing and again raised his ongoing objection to the proceedings arguing that he did not have the assistance of counsel. The court withheld judgment for a two-year period, placed Dougherty on supervised probation, gave Dougherty credit for the twenty-four days he spent in jail, and imposed the mandatory one-year suspension of driving privileges. Dougherty timely appeals.

## II.

## ANALYSIS

Dougherty asserts his conviction should be vacated because the district court violated his Sixth Amendment rights by: (1) failing to ensure that he was knowingly, intelligently, and voluntarily waiving his right to counsel and affirmatively choosing to represent himself; and

2

(2) failing to administer an adequate *Faretta*[1] warning before leaving him without the assistance of counsel at trial and sentencing. Dougherty also asserts the district court erred in denying his motion for a new trial.

**A.     Sixth Amendment**

When reviewing a lower court's determination regarding the waiver of a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts as found. *State v. Hoffman*, 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct. App. 1989). A criminal defendant has a constitutional right to the assistance of counsel at all critical stages of the criminal process. *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963); *State v. Blevins*, 108 Idaho 239, 241-42, 697 P.2d 1253, 1255-56 (Ct. App. 1985). An accused also has the right to waive the assistance of counsel and to represent himself or herself. *See Faretta v. California*, 422 U.S. 806, 834 (1975); *State v. Averett*, 142 Idaho 879, 885, 136 P.3d 350, 356 (Ct. App. 2006). A waiver of the right to counsel is valid only if it was effected knowingly, voluntarily, and intelligently. *Averett*, 142 Idaho at 885, 136 P.3d at 356. The burden is upon the State to show that the waiver satisfied this standard. *State v. Hunnel*, 125 Idaho 623, 625, 873 P.2d 877, 879 (1994). If there was a deprivation of the right to counsel through the trial court's acceptance of an invalid waiver, the error is fundamental and therefore necessitates our independent review although the claim was not raised below. *Id.*; *State v. Blevins*, 108 Idaho 239, 243, 697 P.2d 1253, 1257 (Ct. App. 1985).

There is no uniformity in American courts as to the precise requirements for a valid waiver of the right to counsel or even whether a specific judicial admonition regarding the risks of self-representation is necessary in all situations. *See State v. Jackson*, 140 Idaho 636, 639, 97 P.3d 1025, 1028 (Ct. App. 2004). Idaho courts examine the totality of the circumstances in determining if a waiver of the right to counsel was valid. *State v. Lovelace*, 140 Idaho 53, 64, 90 P.3d 278, 289 (2003); *King*, 131 Idaho at 376, 957 P.2d at 354. The analysis of whether a defendant's waiver is valid rests upon the individual facts of the case. *Hunnel*, 125 Idaho at 625, 873 P.2d at 879; *see also King*, 131 Idaho at 376, 957 P.2d at 354 (valid waiver of counsel is a question of fact turning upon the defendant's state of mind). For a waiver to be knowing and intelligent, the defendant must be aware of the nature of the charges filed against him or her, the

---

[1]     *Faretta v. California*, 422 U.S. 806 (1975).

penalties that may result from those charges, and the dangers and disadvantages of self-representation.  *See Lovelace*, 140 Idaho 53, 64, 90 P.3d 278, 289; *State v. Lankford*, 116 Idaho 860, 865, 781 P.2d 197, 202 (1989); *see also United States v. Harris*, 683 F.2d 322, 324-25 (9th Cir. 1982).

Dougherty argues the State cannot meet its burden to prove that he knowingly, voluntarily, and intelligently waived his Sixth Amendment right to counsel.  Dougherty also argues that he never expressed a desire to represent himself.  To the contrary, he argues his persistent requests for the assistance of counsel throughout the proceedings below were requests for hybrid representation[2] and not requests to proceed to trial and sentencing pro se.  According to Dougherty, the district court failed to make even a basic inquiry into whether he knowingly, intelligently, and voluntarily waived his right to counsel or whether he wanted to represent himself.

The State argues that Dougherty knowingly and intelligently waived his Sixth Amendment right to counsel as he had repeatedly and emphatically stated that he could not accept representation by counsel.  According to the State, Dougherty's statements rejecting representation by counsel amount to a knowing and intelligent waiver of his Sixth Amendment right to counsel.  Additionally, the State argues the Sixth Amendment does not guarantee criminal defendants a right to hybrid representation, and thus Dougherty's argument that he did not wish to represent himself fails.

---

[2]      Hybrid representation has been defined as follows:

[H]ybrid representation consists of concurrent self-representation and representation by counsel.  The hybrid model differs considerably from standby or advisory counsel in that it constitutes a "co-counsel" model which involves actual assistance of the attorney in the trial process.  In the advisory-counsel model, the attorney generally only counsels the defendant, although if the need arises the attorney may assist in the presentation of motions or the offering of objections.  Standby or advisory counsel normally are not permitted to represent actively the defendant, while hybrid counsel actually share in such activities as jury selection, opening statements, examination of witnesses, and closing arguments.  Pro se defendants act as their own counsel, but may consult with the standby counsel at reasonable times.  By way of contrast, in hybrid cases, the accused and the attorney share the role of counsel, although the defendant may well take the lead in the case.

Joseph A. Colquitt, *Hybrid Representation: Standing the Two-Sided Coin on Its Edge*, 38 Wake Forest L. Rev. 55, 74-75 (2003).

The record reveals that Dougherty did not validly waive his Sixth Amendment right to counsel because his waiver was not effected knowingly and intelligently. Dougherty has a fundamental misunderstanding of the Sixth Amendment right to counsel, and thus was not fully aware of the true nature of his Sixth Amendment rights or the consequences of the decision to abandon the right to counsel.

The Sixth Amendment guarantees an accused the right to the "Assistance of Counsel for his defence." United States Const. Amend. VI. The Sixth Amendment right to the assistance of counsel guarantees indigent criminal defendants the right to be represented by a court-appointed attorney. *Wainwright*, 372 U.S. at 343; *Powell v. Alabama*, 287 U.S. 45, 71 (1932); *Jackson*, 140 Idaho at 639, 97 P.3d at 1028. Under the Sixth Amendment indigent criminal defendants may reject representation by court-appointed counsel and elect to represent themselves. *Faretta*, 422 U.S. at 806 (1975). The decision to reject representation by a court-appointed attorney and proceed pro se amounts to a waiver of the Sixth Amendment right to assistance of counsel and must be made knowingly, voluntarily, and intelligently. *See State v. Clayton*, 100 Idaho 896, 897, 606 P.2d 1000, 1002 (1980).

When a criminal defendant waives the Sixth Amendment right to assistance of counsel and elects to represent himself, he may still request the appointment of hybrid counsel. *State v. Williams*, 163 Idaho 285, 297, 411 P.3d 1186, 1198 (Ct. App. 2018); *see also Averett*, 142 Idaho at 885, 136 P.3d at 356 (discussing the defendant's request for standby counsel). However, indigent criminal defendants do not have a constitutional right to court-appointed hybrid counsel. *Williams*, 163 Idaho at 297, 411 P.3d at 1198. The decision to appoint counsel in any capacity other than constitutionally-protected representation guaranteed by the Sixth Amendment, including hybrid or standby counsel, is discretionary regardless of the form and scope of the representation requested. *Id.*; *Averett*, 142 Idaho at 886, 136 P.3d at 357. Because such decisions are discretionary, district courts are under no obligation to appoint hybrid counsel.

In this case, Dougherty had a right to representation by a court-appointed attorney at State expense and the right to self-representation upon a valid waiver of the right to representation by counsel; but, he did not have a constitutional right to hybrid representation. Nevertheless, it is clear from the record that Dougherty incorrectly believed that the Sixth Amendment afforded him at least three constitutional options: (1) the right to representation by counsel; (2) the right to the assistance of counsel, i.e. hybrid counsel or co-counsel; and (3) the

5

right to self-representation. The following colloquy occurred at Dougherty's arraignment before the district court:

THE COURT: Do you want an attorney?
DOUGHERTY: I've been asking for assistance of counsel since the beginning.
THE COURT: I'm sorry?
DOUGHERTY: I've been asking for assistance of counsel from the beginning.
THE COURT: All right. What we'll do is give you--do you want to apply for the public defender's office to represent you, then?
DOUGHERTY: No. I can't have someone re-present me.
THE COURT: I'm sorry?
DOUGHERTY: I can't have someone re-present me. I can have assistance of counsel so that we can communicate effectively.
THE COURT: Do you want me to appoint an attorney or not? That's the question I'm asking.
DOUGHERTY: I can't use--he can't re-present me, but he can be assistance of counsel.
. . . .
THE COURT: Listen, listen, listen. Do you want me to appoint you an attorney or not? Yes or no.
DOUGHERTY: It depends on what capacity. I can only--
THE COURT: As your attorney.
. . . .
DOUGHERTY: Yes. Let's clarify. I'm--I am asking you to provide assistance of counsel. I'm not--I cannot have an attorney represent me or give power of attorney over to some other individual. I'm not allowed to do that.

Additionally, at a status conference held before the district court in anticipation of sentencing, Dougherty explained, "It says assistance of counsel in the Constitution and statutes. That's what I'm asking for." The colloquy at the status conference continued:

DOUGHERTY: Let's define that, what assistance of counsel is. What are all the different capacities that I can have assistance of counsel in, all of them.
THE COURT: You can have an attorney represent you or not represent you. That's your choice.
DOUGHERTY: That's a completely separate right. That's the right to an attorney, not to assistance of counsel. That's two different--
THE COURT: Do you want to be represented or not?
DOUGHERTY: --separate, individual rights.
. . . .
DOUGHERTY: I would like assistance of counsel.

| | |
|---|---|
| THE COURT: | I'm offering you that. Do you want [the public defender] to help you? |
| DOUGHERTY: | It doesn't sound--it sounds like you're trying to offer me . . . an attorney-- |
| . . . . | |
| DOUGHERTY: | To me it sounds like you want--you're trying to give me a right to a lawyer to re-present me or represent me or however that is said. That is a completely separate right to assistance of counsel. Now, to me it sounds like you're trying to give me a--someone to re-present me rather than assistance of counsel. |

The preceding colloquies are indicative of both the confusion and disconnect that existed between Dougherty and the district court throughout the proceedings below. Dougherty's responses show that even as late as the status conference--which occurred approximately five months *after* his jury trial--he still did not comprehend the nature of the Sixth Amendment right to counsel. Specifically, Dougherty failed to understand that the Sixth Amendment right to counsel did not encompass a right to hybrid counsel.

Moreover, these colloquies are also demonstrative of Dougherty's failure to understand the consequences of the decision to abandon the right to representation by an attorney. The district court had consistently framed its questions regarding counsel as a binary choice between having an attorney represent Dougherty and not having an attorney at all. However, Dougherty's responses demonstrate that he never accurately understood the consequence of rejecting the court's offer to appoint an attorney to represent him. Dougherty did not understand that the district court had the discretion to appoint hybrid counsel but not a constitutional mandate to do so. Dougherty incorrectly supposed that he could reject representation by a court-appointed attorney, and still proceed to trial and sentencing with hybrid counsel as a matter of right. Thus, Dougherty failed to understand that as a consequence of rejecting the court's offer for representation by a court-appointed attorney, he could be left wholly unassisted by counsel at both trial and sentencing.

Although the record shows that Dougherty continually rejected the court's efforts to appoint counsel to represent him, the record also sufficiently discloses that he fundamentally misunderstood both the nature of his Sixth Amendment rights and the consequences of abandoning those rights. Accordingly, we conclude Dougherty's waiver was invalid because he did not knowingly and intelligently waive his Sixth Amendment right to counsel.

7

Dougherty also argues that the district court failed to administer an adequate *Faretta* warning because the court never told him that his demands for assistance of counsel would leave him unassisted at trial and/or sentencing and never apprised him of the dangers or disadvantages of self-representation. The State argues Dougherty's claim that he did not receive adequate *Faretta* warnings fails as a matter of law because there is no stand-alone right to a *Faretta* hearing and the United States Supreme Court has not prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. According to the State, the colloquy that took place at Dougherty's arraignment, in combination with the other times the issue of counsel was addressed, demonstrates that Dougherty knew he had the right to counsel and knew the consequences of a choice to not be represented by counsel.

Review of the sufficiency of such warnings would be necessary only if Dougherty had validly waived his right to counsel and chosen to proceed pro se knowingly, voluntarily, and intelligently. *See Faretta*, 422 U.S. at 806. Dougherty's invalid waiver of the right to counsel is dispositive. Accordingly, we need not address Dougherty's argument that the district court's *Faretta* warnings were inadequate.

**B.     Motion for a New Trial**

Dougherty argues the district court should have granted his motion for a new trial for the same reasons his conviction should be vacated. According to Dougherty, by denying his motion *in toto* the district court implicitly rejected his contention that it had previously erred in forcing him to go to trial pro se. Because the Sixth Amendment issue is dispositive, we need not address this issue.

### III.

### CONCLUSION

Dougherty did not knowingly and intelligently waive his Sixth Amendment right to counsel. Accordingly, the district court's order withholding judgment is reversed and the case remanded for further proceedings.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.